**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>BRENT KELEHER,<br><br>      Defendant. | **No. 05-4124-DEO**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

_____

On December 18, 2012, United States Magistrate Judge Leonard T. Strand held a revocation hearing concerning the First Supplemented and Substituted Petition to Revoke Supervised Release (Docket No. 95). Following the hearing, Judge Strand issued a Report and Recommendation[1] (R&R, Docket No. 97, 12/19/2012) to this Court. Objections to the R&R are to be filed by January 2, 2013. On today's date, December 28, 2012, the Court was notified by United States Probation that a bed space has become available at the Synergy Treatment Facility in Cherokee, Iowa, on December 31, 2012; and Defendant is expected to report by 10:00 a.m. on that date in order to secure the available space. Given that these beds are not readily available, the Court contacted counsel for the parties (by email) to seek waiver of the objection deadline.

---

[1] Although the entire contents of the Report and Recommendation will not be repeated, it is hereby referenced and incorporated as if fully set out herein.

Both Defendant's counsel and Government's counsel indicated no objection.

Judge Strand's R&R states in part:

> At the hearing, Keleher admitted to all violations alleged in the supplemental and substituted petition. Accordingly, I find by a preponderance of the evidence that Keleher violated the terms and conditions of his supervised release.
>
> . . .
>
> I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Keleher's TSR be revoked and that he be sentenced to time served. I further recommend that the terms and Keleher's TSR be re-imposed and that they be modified to include:
>
> (a) Inpatient treatment for substance abuse at Synergy Center in Cherokee, Iowa, upon the next available opening. It is anticipated an opening will be available on January 7, 2013, if not sooner.
>
> (b) Following treatment, Keleher must reside in a Residential Reentry Center (RRC) for a period of up to 120 days. He must report to the RRC at a time and date to be determined by the Bureau of Prisons, the RRC and the U.S. Probation Office.
>
> (c) While placement is pending at a RRC, Keleher will be placed on home detention with electronic monitoring.
>
> . . .
>
> In light of the foregoing, I find that revocation with a sentence of time served, along with the modifications described above, will further the goals of deterrence

>     and incapacitation, reflects the
>     seriousness of Keleher's conduct, and
>     provides just punishment for such conduct.
>     Such a sentence is "sufficient, but not
>     greater than necessary, to comply with" the
>     sentence's purposes as set forth in §
>     3553(a)(2).

(R&R, Docket No. 97).

As mentioned, the Court has been notified of an available bed space for Mr. Keleher at the Synergy Treatment Center in Cherokee, Iowa, and it is expected that Mr. Keleher report to that facility by 10:00 a.m. on December 31, 2012, in order to secure the available space.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation in its entirety but adds that Mr. Keleher shall not be released from custody until Monday, December 31, 2012, at 8:00 a.m.[2] For the reasons set forth therein, the Court finds by a preponderance of the evidence that Keleher violated the terms and conditions of his supervised release. The Government's Petition to Revoke Supervised Release is **GRANTED**. Defendant Keleher's supervised release is hereby revoked, and he is sentenced to a term of imprisonment of time served and is **ordered to be released on December 31, 2012, at 8:00 a.m.**,

---

[2] The Court has been notified that Defendant Keleher's mother will secure Mr. Keleher from the Woodbury County Jail for transport to the Synergy Center in Cherokee, Iowa, by 10:00 a.m.

and his term of supervised release be re-imposed and modified to include:

>(a) Inpatient treatment for substance abuse at Synergy Center in Cherokee, Iowa, upon the next available opening. It is anticipated an opening will be available on January 7, 2013, if not sooner.
>
>(b) Following treatment, Keleher must reside in a Residential Reentry Center (RRC) for a period of up to 120 days. He must report to the RRC at a time and date to be determined by the Bureau of Prisons, the RRC and the U.S. Probation Office.
>
>(c) While placement is pending at a RRC, Keleher will be placed on home detention with electronic monitoring.

**IT IS SO ORDERED** this 28th day of December, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa